UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY MICHAEL McCAULEY,

                Petitioner,                Case No. 2:21-cv-11677
                                                            Hon. Laurie J. Michelson

v.

WARDEN CHAPMAN,

                Respondent.
_____/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS**

      Michigan inmate Jerry Michael McCauley filed this petition for writ of habeas corpus under 28 U.S.C. §2254, asserting a single claim of ineffective assistance of counsel. (ECF No. 1.) He has also filed a motion for appointment of pro bono counsel. (ECF No. 3.) McCauley pled guilty to second-degree murder in the Iosco Circuit Court. The petition states McCauley was sentenced on August 27, 2020.[1] McCauley states that he did not file any state court appeal from his conviction because "it would have been pointless." (ECF No. 1, PageID.5.)

      After a petition for writ of habeas corpus is filed, the Court undertakes preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in

---

[1] The Michigan Department of Corrections website confirms McCauley's Iosco Circuit Court conviction for second-degree murder, but it lists the sentencing date as July 27, 2020. See https://mdocweb.state.mi.us/OTIS2/otis2profile.aspx?mdocNumber=631026

the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

.A state prisoner must exhaust available remedies in state court before raising a claim in a federal petition for a writ of habeas corpus. *See* 28 U.S.C. §§ 2254(b), 2254(c). To satisfy the exhaustion requirement, all claims must be "fairly presented" to the state courts, meaning that the petitioner must have put before the state courts both the factual and legal bases for the claims. *See Baldwin v. Reese*, 541 U.S. 27, 29–32 (2004). Presenting the factual and legal bases requires McCauley to undergo "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In practice, "one full round" means presenting each issue to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Morse v. Trippett*, 37 F. App'x 96, 103 (6th Cir. 2002). The district court can raise exhaustion on its own when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987).

Here, McCauley did not exhaust his state court remedies with respect to his habeas claim because he never attempted to file any type of state court appeal. While the time for filing a direct appeal may have expired under Michigan Court Rule 7.205(A)(2)(a), McCauley appears to have a potential state court remedy available under Michigan Court Rule 6.501 et seq. by way of filing a motion for relief from judgment in the trial court. McCauley's conclusory allegation that a state appeal

2

would be "pointless" does not exempt him from the requirement to exhaust in state court before turning to federal habeas review.

Accordingly, the petition for a writ of habeas corpus is DISMISSED WITHOUT PREJUDICE because McCauley has failed to exhaust his state court remedies.[2] As a result, the motion for appointment of counsel is DENIED AS MOOT.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED. *See* 28 U.S.C. § 2253(c)(2).

IT IS FURTHER ORDERED that permission to appeal in forma pauperis is DENIED because any appeal of this order would be frivolous. *See* 28 U.S.C. § 1915(a)(3).

Dated: July 28, 2021

> s/Laurie J. Michelson
> LAURIE J. MICHELSON
> UNITED STATES DISTRICT JUDGE

---

[2] Dismissal rather than a stay-and-abeyance procedure is appropriate because McCauley has approximately six months remaining on the statute of limitations, which began running when the time for filing a direct appeal expired six months after he was sentenced in July of 2020. *See* 28 U.S.C. § 2244(d)(1)(A). The six months remaining on the limitations period gives McCauley more time to exhaust his claim than he would be granted by way of a stay. *See Rhines v. Weber*, 544 U.S. 269, 278 (2005) (district court "should place reasonable time limits on a petitioner's trip to state court and back"); *Schroeder v. Renico*, 156 F. Supp. 2d 838, 845–46 (E.D. Mich. 2001)(stay unnecessary where substantial amount of time remains on statute of limitations).